Jones, J.,
delivered the opinion of the Court.
This was an action of debt on a writing obligatory, bearing date the 8th day of October, 1810, for the sum of $3615, to which the defendant pleaded payment; replication non solvit and issue. Neither party requiring a jury, the cause was submitted *207 to the Court, who found that defendant, Eector, did not pay $ and gave judgment for the plaintiff for the sum of $1807 50, the said debt in the declaration mentioned, and also for $1214 77 damages, with costs.
During the trial, a bill of exceptions was filedj which states that the plaintiff prc“ duced the bond and claimed interest thereon from its date. The defendant proved by a witness that he, as agent for the plaintiff, called on the defendant in the year 1818, for payment of the bond, who informed him that the bond had been lost or mislaid, and could not be produced; upon which the defendant refused payment, unless the said bond could be given up to him. It was also proved that the plaintiff offered to indemnify the defendant, provided he paid the bond, and the amount should afterwards be claimed from him by any other person $ which proposition the defendant would not comply with. Wo other demand was proved to have been made for payment of the bond, nor was. it ever produced until immediately before the commencement of the suit. The defendant then asked the Court to instruct the jury, that interest could not be allowed upon the bond from the time it was admitted to be lost, until it was produced before the commencement of the suit, sometime in the year 1821, which instructions the Court refused to give; whereupon the defendant excepted to the opinion of the Court. The defendant below has brought his writ of error, to reverse the judgment of the Court below, and assigned the general errors, to which there is a joinder.
We cannot conceive any legal objection to the defendant’s recovering interest on his bond, for the time intervening between the loss of it having been announced to the plaintiff, and the bringing of the suit in the Court below. Had he, when payment was demanded of him, tendered the defendant’s agent the amount due, interest would of course have ceased from that time until subsequent demand of payment. It is not pretended that any tender was attempted to he made $ on the contrary, the plaintiff refused making any payment, until the bond could he given up to him.' This it was competent, perhaps prudent, for him to insist on; hut as he thought proper so to do, and had the defendant’s money still in his hands, we think he was justly chargeable with interest on the principal sum secured by the bond, and that the Court did not err in deciding- accordingly.
The plaintiff’s counsel intimated, that the judgment ought to be reversed, on the ground, that the bond declared on is for $3615, and the judgment below is for $1807 50, the said debt, together with $1244 77, damages, and that, therfore, as there was a material variance between the sum demanded in the declaration and .the-judgment, it ought to be reversed.
Had the converse been the case of the judgment’s being for more than the debt demanded, there might have been some grounds for a reversal: as it is, there are none; the error, if such, is tor the benefit of the plaintiff, which he cannot legally lake advantage of.
Let the judgment of the Circuit Court he affirmed, with costs, together with inters est on the amount of such judgment, and two per cent, damages.